**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| J. ABIGAIL CUSTIS, | |
| *Plaintiff*, | |
| v. | Civil Action No. 26-2292 (UNA) |
| DEPARTMENT OF DEFENSE, | |
| *Defendant*. | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), her *pro se* complaint (ECF No. 1), and motions to seal the case (ECF No. 3) and for a temporary restraining order (ECF No. 4).

The Court may dismiss a complaint *sua sponte* for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). When a complaint is "'patently insubstantial,' presenting no federal question suitable for decision," the court lacks authority to hear the case and dismissal is warranted. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). That standard includes cases that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").

Plaintiff alleges that the Department of Defense made her "a non-consensual human experiment with implanted medical device," Compl. at 4, injected into her brain by syringe. *See* ECF No. 1-2 (Exh. A-1) at 1–2. As a result, Plaintiff alleges, she spent the past 13 years of her life "in a 'virtual concentration camp like prison' being electrocuted and tortured daily." Compl. at 4. She demands unspecified monetary damages. *See id*. Here, the complaint's allegations are patently insubstantial and deprive the Court of jurisdiction to hear the case.

The Court will GRANT the application to proceed *in forma pauperis*, even though it is incomplete, as Plaintiff submitted only the second page of a two-page form. Further, the Court will DISMISS the complaint without prejudice for lack of subject-matter jurisdiction, and DENY as moot Plaintiff's motions to seal the case and for a temporary restraining order. A separate order accompanies this memorandum opinion.

Date:   July 1, 2026

JAMES E. BOASBERG
Chief Judge
United States District Court for the District of Columbia

2